UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROXANNE ARI, | ) | 1:10-cv-00672 LJO MJS HC |
| Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| MARY LATTIMORE, Warden, | ) | (Doc. 20) |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Amy A. Daniel, Esq., of the Office of the Attorney General for the State of California.

**I.   BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Contra Costa. (See Pet., ECF No. 1.) On March 2, 2010, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. In her petition, Petitioner asserts that at her May 12, 2009 parole determination hearing, the Board of Parole Hearings ("Board") impermissibly denied her request that her sentence be recalled under California Penal Code section 1170(d). At the

1 hearing, the Board refused to recall her sentence and found that she was not suitable for
2 parole. (Mot. to Dismiss, Ex. 4, ECF No. 20-1.) Petitioner makes it clear she is not seeking
3 relief from the Board's determination that she is not suitable for parole. (Pet. at 7, stating,
4 "I am not requesting Parole[,] why would I ask for parole when I am entitled to have my
5 sentence and commitment recalled?")

6 On October 27, 2010, Respondent filed a motion to dismiss the petition for failure to
7 state a cognizable claim. Petitioner filed an opposition to Respondent's motion to dismiss on
8 November 15, 2010. On November 23, 2010, Respondent filed a reply to Petitioner's
9 opposition. Finally, on December 12, 2010, Petitioner filed a response to Respondent's reply.

10 **II.    DISCUSSION**

11     **A.    Procedural Grounds for Motion to Dismiss**

12 Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
13 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is
14 not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254
15 Cases.

16 The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an
17 answer if the motion attacks the pleadings for failing to exhaust state remedies or being in
18 violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th
19 Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state
20 remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural
21 grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.
22 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss
23 after the court orders a response, and the Court should use Rule 4 standards to review the
24 motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

25 Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section
26 2254 Cases indicates that the court may dismiss a petition for writ of habeas corpus either on
27 its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an
28 answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, 2008 U.S. Dist.

LEXIS 72056, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B.    Discussion**

    1.    Board of Parole Hearings' Right to Recall Sentences

California Penal Code section 1170 provides for the power of California state courts and the Board of Parole Hearings to recall sentences in certain situations. Under subsection 1170(d), within 120 days after a defendant has been committed to custody, a court may recall and resentence the defendant. Cal. Penal Code § 1170(d). However, the Board of Parole Hearings has the power to recall a sentence at any time. Id. While subsection 1170(d) allows the Board to recall sentences, the statue sets forth limits as to when recall is appropriate. Specifically, subsection (d) states: "The resentence under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. Credit shall be given for time served." Id. However, the California Supreme Court has broadened the authority to recall a sentence for "any otherwise lawful reason, not simply to correct a 'disparate' sentence." Dix v. Superior Court, 53 Cal. 3d 442, 460 (1991).

While California state law allows for the Board to recall sentences in certain instances, it does not necessarily follow that such determinations implicate the denial of a federal right. The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*. (emphasis added).

Accordingly, this Court must determine if the Board's determination not to recall Petitioner's sentence implicated a federal right. This appears to be an issue of first impression. However, decisions regarding compassionate releases under California Penal Code subsection 1170(e) assist in the present determination. Subsection 1170(e) allows for the recall of sentences where a petitioner is terminally ill or permanently medically incapacitated. Cal. Penal Code § 1170(e). In reviewing such determinations, at least one California Appelate court has determined that the "some evidence" standard used for parole determinations applies:

> When [the Board] declines to recommend a prisoner for recall of sentence because it finds the prisoner could pose a threat to public safety if released from state prison, the standard of judicial review is the same as that used when reviewing a decision by [the Board] to deny parole, i.e., "whether 'some evidence' supports the conclusion" of [the Board] that the prisoner does not come within the statutory criteria.

Martinez v. Board of Parole Hearings, 183 Cal. App. 4th 578, 593 (Cal. App. 2010) (citing In re Lawrence, 44 Cal. 4th 1181, 1191 (2008)). Accordingly, at least one California appelate court has held that the State-created liberty interest in ensuring that the 'some evidence' standard applied to parole determinations also applies to compassionate release. However, unlike parole or compassionate release, recall of a sentence under section 1170(d) does not require the Board to determine if the prisoner is a threat to public safety.

While it is unclear what standard, if any, the State has created in recall under section 1170(d), this Court shall only be bound to review the determination for the minimal federal due process considerations set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979). The Supreme Court recently held that the California standards for reviewing parole decisions in no way affects the federal standard of review set forth in Greenholtz.  See Swarthout v. Cooke, 131 S. Ct. 859, 863 (2011).

This Court finds the Supreme Court's reasoning equally applicable to the present case. If the federal courts were to adopt state standards, then they would be required to review the merits of all cases involving liberty or property interests, including those interests present here. "That has never been the law." Id.

Here, Petitioner does not challenge her federal due process rights under <u>Greenholtz</u>. Further, Petitioner had the opportunity to present documents to and discuss with the Board why her sentence should be recalled. As Petitioner does not claim any violation of her due process rights under <u>Greenholtz</u>, Petitioner has not stated any violation of federal right. <u>Swarthout</u>, 131 S. Ct. at 863; 28 U.S.C. § 2254(a). Accordingly, Petitioner has not presented a cognizable claim for relief and the Court recommends that the motion to dismiss be granted.

       2.  <u>Challenges to Petitioner's Underlying Conviction</u>

To the extent Petitioner has alleged any claims relating to her underlying conviction, such claims are barred by the statute of limitations.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on March 2, 2010, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the Petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review in 2003. (Pet. at 3.) Because Petitioner's conviction became final prior to the enactment of AEDPA, her one-year period for filing a habeas petition in federal court began on AEDPA's effective date of April 24, 1996. Ford v. Pliler, 590 F.3d 782, 784 (9th Cir. 2009); see Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).

Petitioner would have one year from April 24, 1996, absent applicable tolling, in which to file her federal petition for writ of habeas corpus. However, Petitioner did not file the instant petition until March 2, 2010, almost thirteen years after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations. Petitioner has made not made a colorable showing that the statute of limitations should commence at a later date under § 2244(d)(1)(B)-(D) or that the statute of limitations should be equitably tolled. Accordingly, any such claims are barred by the statute of limitations.

**III.   CONCLUSION**

No federal right allows for this Court to review the Board's substantive determination to deny Petitioner's request to recall her sentence. Accordingly, Petitioner has not stated a cognizable federal claim for relief. The Court recommends that Respondent's motion to dismiss be granted, and the petition be dismissed.

**IV.   RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to state a cognizable claim.

This Findings and Recommendation is submitted to the assigned United States District

1  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
2  Local Rules of Practice for the United States District Court, Eastern District of California.
3  Within thirty (30) days after the date of service of this Findings and Recommendation, any
4  party may file written objections with the Court and serve a copy on all parties.  Such a
5  document should be captioned "Objections to Magistrate Judge's Findings and
6  Recommendation."  Replies to the Objections shall be served and filed within fourteen (14)
7  days after service of the Objections.  The Finding and Recommendation will then be submitted
8  to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
9  (b)(1)(c).  The parties are advised that failure to file objections within the specified time may
10 waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th
11 Cir. 1991).

13 IT IS SO ORDERED.
14 Dated:   May 10, 2011                              /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE